## Case No. 5,531.

### GOOD v. DODGE.

[16 Pittsb. Leg. J. 84; 3 Pittsb. Rep. 557.]

Circuit Court, W. D. Pennsylvania. 1869.

COURTS—WATER POWER.

1. Federal courts are designed by the constitution as for a free and unembarrassed by local prejudices.

2. The difference of level between the surface where a stream first touches land and the surface where it leaves it is the property of a riparian proprietor. It must be so used and enjoyed as not to encroach upon the rights of adjoining or proximate owners.

3. The owner below the line of a riparian proprietor cannot subtract from the proprietor above by swelling or backing the water upon him.

At law.

Youngman & Comley, for plaintiff.
Loun & Armstrong, for defendant.

McCANDLESS, District Judge (charging jury). This case, which has occupied your attention for some days, was originally instituted in the court of common pleas of Lycoming county, and has been brought within the jurisdiction of the circuit court of the United States by virtue of an act of congress authorizing the removal where one of the parties is a citizen of another state. You must not forget that you are trying a case in a federal court, which was created by the constitution and laws of the United States to give citizens of other states a forum, free and unembarrassed by the local prejudices

which are incident to the trial of causes in the neighborhood where they originated, and where the subject matter in controversy exists. You are selected, as gentlemen of position and intelligence, from the body of a large judicial district, and it is right to presume that you know nothing except that which has been given in evidence. You have viewed the ground in person, and much that would otherwise be unintelligible by oral testimony must have become manifested by your own observation. The cause has been tried with great ability by able and distinguished counsel, and it is purely a question of fact for your consideration. Both parties are riparian owners; that is, of something pertaining to the bank of a river or stream of water. The contest here is for the water power to which such riparian owner may be entitled, and which consists of the fall in the stream, when in its natural state, where it passes through his land, or along the boundary of it; or, in other words, it consists of the difference of level between the surface where the stream first touches his land and the surface where it leaves it. This natural power is as much the subject of property as is the land of which it is the accident. It must be used and enjoyed so as not to encroach upon the rights of the adjoining or proximate owner. The owner below cannot subtract from the proprietor above, by swelling or backing the water upon him, and thus lessening his power. When the owner above claims such to be the case he must satisfy you by clear and undisputed testimony.

You must be convinced, by the evidence, that there has been an unwarrantable invasion of his legal rights. This is the trespass for which the action is brought, and he must prove it, and if proven to your satisfaction, you will allow him to the extent of the damage he has sustained, up to the date of the institution of the suit. You will take care to discriminate, in the measurements of levels and distances, between those witnesses who have made casual observations with the naked eye, and those who have made them with mathematical instruments that cannot deceive. Where the elevation and depression of the water is to be ascertained by inches, the latter are the safest and surest guides by which to be governed in making up your verdict. The rights of property must not be impaired by guess or supposition.

The simple fact for you to ascertain and find by your verdict is, has the defendant, by any act of his, backed up the water of the creek upon the plaintiff, and thus impaired the power of his mill; or if it has been so backed up, has it been the result of natural causes, by the bar in his tail race, by the eddy at the mouth of it, by leakage, or by the sinking of the foundations of this ancient structure? These are matters wholly for the consideration of the jury, and about which it is not the province of the court to

express an opinion. The case is with you, and you will return such verdict as the evidence will justify.